IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

YOSBEL INASTRILLA, #09161-104                                              PETITIONER

VERSUS                                          CIVIL ACTION NO. 5:17-cv-51-DCB-MTP

WARDEN "UNKNOWN" BERKEBILE                                        RESPONDENT

MEMORANDUM OPINION AND ORDER

This cause is before the Court, sua sponte, for consideration of dismissal.   Petitioner, a

federal inmate housed at the Adams County Correctional Center, Washington, Mississippi, filed

this pro se Petition pursuant to 28 U.S.C. § 2241 on April 27, 2017.   The Court entered an Order

[4] on September 25, 2017, directing Petitioner to file a response on or before October 17, 2017.

The envelope [5] containing that Order [4] was returned by the postal service with a stamped

notation "Return to Sender, Refused, Unable to Forward" and filed was in this case on October

10, 2017.   The Court then entered an Order to Show Cause [6] on November 2, 2017, directing

Petitioner to comply on or before November 27, 2017, by providing additional information

concerning his claims.   The envelope [8] containing the Order to Show Cause [6] entered on

November 2, 2017, was returned by the postal service with a stamped notation "Return to

Sender, Refused, Unable to Forward" and was filed in this case on November 13, 2017.

Because Petitioner did not comply with the Orders of the Court and did not file a change of

address, out of an abundance of caution, the Court entered a Second and Final Order to Show

Cause [9] on December 12, 2017.   That Second and Final Order to Show Cause [12] direct

Petitioner to respond on or before January 10, 2018, explaining why this civil action should not

be dismissed for failure to comply with the Court's Orders [4, 6].   Additionally, the Second and

Final Order to Show Cause [9] directed Petitioner to comply with the Court's Orders [4, 6] by filing a response providing additional information on or before January 10, 2018. Petitioner was warned in that Second and Final Order to Show Cause [9] that his "failure to advise the Court of a change of address or failure to timely comply with any Order of the Court . . . will result in this cause being dismissed without prejudice and without further notice to Petitioner" and this was Petitioner's final opportunity to comply with Court's Orders [4, 6]. The envelope [10] containing the Second and Final Order to Show Cause [9] was returned by the postal service with a stamped notation "Return to Sender, Refused, Unable to Forward." Petitioner has not complied with the Orders [4, 6, 9] or otherwise contacted the Court about this case.

This Court has the authority to dismiss an action sua sponte for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority. *See Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court's authority to dismiss an action for failure to prosecute extends to habeas petitions. *See Martinez v. Johnson,* 104 F.3d 769, 772-73 (5th Cir. 1997) (affirming dismissal of habeas petition for failure to prosecute under Rule 41(b)).[1] The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and

---

[1] "A district court may apply any or all of the rules governing § 2254 habeas petitions to those cases filed pursuant to § 2241." *Reyes-Gonzalez v. Driver*, No. C-05-248, 2005 WL 1669830, at *2 (S. D. Tex. 2005) (citing Rule 1(b) of the Rules Governing § 2254 Cases; *Castillo v. Pratt*, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001); *Gaitan-Campanioni v. Thornburgh*, 777 F. Supp. 1355, 1356 (E.D. Tex. 1991)). *See also* Rule 12 of the Rules Governing Section 2254 Cases, which provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."

to avoid congestion in the calendars" of the Court. *Id.* at 629-30.

Petitioner did not comply with three Court Orders [4, 6, 9] even after being warned several times that failure to do so would result in the dismissal of his case. Petitioner has not responded to the Court's Orders or otherwise contacted the Court since he filed this civil action on April 27, 2017. As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution," but instead such efforts have proven futile. *See Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005). Therefore, the Court concludes that dismissal of this action is proper for Petitioner's failure to prosecute and for failure to comply with the Orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure. *See Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (affirming dismissal based on inmate's failure to comply with a court order). Since the Respondent has not been called on to respond to Petitioner's pleading, and the Court has not considered the merits of Petitioner's claims, the Court's Order of Dismissal is without prejudice. *See Munday/Elkins Auto. Partners, Ltd. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

IT IS, THEREFORE, ORDERED AND ADJUDGED that, for the reasons stated above, this civil action is dismissed without prejudice for failure to obey the Court's Orders and to prosecute. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.[2]

SO ORDERED, this the 30th  day of January, 2018.

s/David Bramlette
UNITED STATES DISTRICT JUDGE

---

[2]A certificate of appealability (COA) is not required for a federal inmate to appeal the denial of relief under 28 U.S.C. § 2241. *See Padilla v. United States*, 416 F. 424, 425 (5th Cir. 2005) (citing *Ojo v. Immigration and Naturalization Service*, 106 F.3d 680, 681 (5th Cir.1997)).